IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

United States of America )
)
)
v. ) No. 11 CR 682
)
)
Keith Carr, )
)
Defendant. )

Memorandum Opinion and Order

Keith Carr is currently incarcerated at FMC Rochester with a projected release date of June 19, 2030. He moves for compassionate release under § 3582(c)(1)(A), arguing that his obesity puts him at a heightened risk of serious illness or death from Covid-19 and that his sentence was unlawfully enhanced based on a previous conviction that does not qualify as a predicate offense under 21 U.S.C. § 841(b), and was raised in a procedurally defective information under 21 U.S.C. § 851. For the reasons below, the motion is denied.

I.

A jury convicted Carr of crimes he committed in his role as the leader of a drug trafficking conspiracy. I sentenced him to 240 months' custody—a term that was within his applicable guidelines range of 210 to 262 months and was the minimum required by 21 U.S.C. § 841(b), which the government invoked in an information filed under

21 U.S.C. § 851, pointing to a felony drug offense of which Carr was convicted in 2002. The Seventh Circuit affirmed Carr's conviction and sentence, rejecting among other challenges his argument that the government's § 851 information was materially infirm. *See United States v. Carr*, 695 F. App'x 953, 954 (7th Cir. 2017).

In March of 2018, Carr moved to vacate his conviction under 28 U.S.C. § 2255, reiterating his attack on the validity of the § 851 information and asserting additional claims for relief including ineffective assistance of trial counsel. I denied that motion and declined to issue a certificate of appealability. The Seventh Circuit likewise declined to issue a certificate of appealability, confirming that Carr had made no substantial showing of the denial of a constitutional right. *See United States v. Carr*, No. 18-cv-1671 (N.D. Ill.) at DN 1, 18, 32, 34.

Later, Carr sought authorization from the Seventh Circuit to file a successive § 2255 motion. He proposed to argue that *United States v. Davis*, 139 S. Ct. 2319 (2019), *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018), and *Mathis v. United States*, 136 S. Ct. 2243 (2016), provided a basis for the claim that his sentence was unconstitutional because his 2002 drug conviction did not qualify as a predicate offense subjecting him to a minimum 240-month sentence under § 841(b). The Seventh Circuit declined to authorize a second collateral attack, reasoning that *Davis* and *Dimaya* were

inapplicable to Carr's case, and that although *Mathis* supported Carr's argument that his 2002 conviction did not qualify as a predicate offense, *Mathis* did not announce a new rule of constitutional law, nor did Carr offer evidence of actual innocence, as required to satisfy the standard for a successive collateral attack. *See Carr v. United States*, No. 20-1123, slip op. at 2 (7th Cir. Feb. 3, 2020).

Carr then filed a habeas petition under 28 U.S.C. § 2241 in his district of confinement, reasserting among other arguments his claim that his 2002 conviction did not qualify as predicate offense for enhancement purposes under 21 U.S.C. § 841(b). *See*, No. 20-CV-721 (NEB/TNL), 2021 WL 1827782, at *1 (D. Minn. May 7, 2021). The court denied the petition, noting that Carr could have raised the *Mather* issue either on direct appeal or in his first § 2255 motion, and that he either could have raised or did raise his remaining arguments in his earlier proceedings, making them inappropriate for § 2241 relief. *Id.* at *2. The district court denied a certificate of appealability.[1] Roughly a month later, Carr filed the present motion.

II.

Compassionate release is a departure from the general rule that district courts lack authority to modify a sentence once it

[1] Carr nevertheless filed an appeal in the Eighth Circuit, which that court summarily denied. *See* Carr v. Kallis, No. 21-2439 (8th Cir. July 20, 2021)

has become final. *See United States v. Anderson*, 583 F.3d 504, 508 (7th Cir. 2009). The First Step Act, 18 U.S.C. § 3582(c)(1)(A)(i), establishes a narrow exception to this rule, providing that a court may modify a term of imprisonment upon a defendant's motion "after the defendant has fully exhausted all administrative rights to appeal" and 30 days have passed without the Bureau of Prisons filing a motion on the defendant's behalf. In evaluating whether a sentence reduction under this provision is appropriate, courts consider: (1) whether "extraordinary and compelling reasons" warrant a reduction; and (2) whether a reduction is consistent with the factors set forth in 18 U.S.C. § 3553(a). *See* 18 U.S.C. § 3582(c)(1)(A)(i); *United States v. Thacker*, 4 F.4th 569, 576 (7th Cir. 2021) (explaining the two-step process for reviewing compassionate release motions); *United States v. Gunn*, 980 F.3d 1178, 1179 (7th Cir. 2020).

The government acknowledges that Carr has satisfied the exhaustion requirement but argues that he has not established extraordinary and compelling reasons warranting his release. The government first notes that Carr is fully vaccinated against Covid-19 and that FMC Rochester currently reports no active cases of Covid-19 among inmates. *See* https://www.bop.gov/coronavirus/ (last accessed October 22, 2021). Moreover, according to information published today, 566 of FMC Rochester's 621 inmates and 320 members of its staff are fully inoculated. *Id*; https://www.bop.gov/locations/institutions/rch/. Given these

statistics—and the Seventh Circuit's observation that "vaccines provide a much better defense against infection than any judicial order could do," *United States v. Ugbah*, 4 F.4th 595, 597 (7th Cir. 2021)—I conclude that notwithstanding Carr's obesity, his elevated health risk from exposure to Covid-19 does not amount to extraordinary and compelling circumstances warranting a reduction in his sentence. *See United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021) ("for the vast majority of prisoners, the availability of a vaccine makes it impossible to conclude that the risk of COVID-19 is an 'extraordinary and compelling' reason for immediate release").

Nor do changes in the law that disqualified Carr's 2002 conviction from serving as a predicate offense for the 240-month minimum under § 841(b) amount to an extraordinary and compelling reason for his release. *See Thacker*, 4 F.4th at 571 (prospective changes in statutory sentencing scheme, "whether considered alone or in connection with other facts and circumstances, cannot constitute an 'extraordinary and compelling' reason to authorize a sentencing reduction."). As the government observes, it is not uncommon for the law to undergo changes that apply only prospectively, and the change Carr cites affects an entire class of defendants. In other words, Carr's situation is not unique. And while it is true that courts have, on occasion, granted compassionate release to defendants whose sentences would have been

drastically different under current law, the decisions in those cases make clear that changes in the legal landscape were among numerous other considerations that collectively led the courts to conclude that the defendants' circumstances were indeed extraordinary. *See, e.g.*, *United States v. Liscano*, No. 02 CR 719-16, 2021 WL 4413320, at *2 (N.D. Ill. Sept. 27, 2021) (granting motion by defendant serving a life sentence the government conceded was "erroneously imposed" pursuant to enhancements it admitted it would not seek today); *United States v. Conley*, 2021 WL 825669, at *4 (N.D. Ill. Mar. 4, 2021) (granting motion by defendant who was prosecuted and convicted as the result of a "tawdry" sting operation) (*quoting United States v. Lewis*, 641 F.3d 773, 777 (7th Cir. 2011)); *United States v. White*, 2021 WL 3418854, at *3 (N.D. Ill. Aug. 5, 2021) (same); *United States v. Rollins*, 2021 WL 1020998, at *6 (N.D. Ill. Mar. 17, 2021) ("[t]he sheer rarity of Rollins's astonishingly long 106½-year sentence combined with his rehabilitation" qualified as extraordinary and compelling circumstances).

Carr's circumstances are far less remarkable and do not warrant departure from the general rule that § 3582(c)(1)(A)(i) does not "serve as the authority for relief from mandatory minimum sentences prescribed by Congress," *Thacker*, 4 F.4th at 574 (7th Cir. 2021), and may not be invoked as an alternative to the "specific statutory scheme authorizing post-conviction relief in 28 U.S.C. § 2255 and

accompanying provisions." *Id. See also United States v. Arojojoye*, 806 Fed. App. 475, 47-78 (7th Cir. 2020) (district court lacked jurisdiction to resolve motion for "compassionate release" challenging the length of the defendant's sentence, as it was substantively an unauthorized, successive § 2255 motion); *United States v. King*, No. 13 CR 50063-1, 2021 WL 4439302, at *3 (N.D. Ill. Sept. 28, 2021) (declining to hold that "changes to sentencing laws that might affect [the defendant's] status as an armed career criminal" amounted to extraordinary circumstances); *United States v. Gramigna*, No. 216CR20051SLDEIL2, 2021 WL 3476080, at *3 (C.D. Ill. Aug. 6, 2021) (nonretroactive change in sentencing laws "cannot constitute or contribute to an extraordinary and compelling reason for release.").

While it is true that Carr would not, today, be subject to a mandatory 240-month minimum, his sentence was within his guidelines range. Moreover, the disparity he points to between his own sentence and those of his co-defendants is not unwarranted. The evidence at trial established that Carr was the leader of the charged conspiracy, supporting his comparatively heavier sentence. And the Seventh Circuit has already considered and rejected his claim that he was prejudiced by a ministerial error concerning the docketing of the government's § 851 notice. In short, nothing about his circumstances sets him apart from the class of defendants who were sentenced appropriately under the law as it stood at the time of

their sentencings, but who would be sentenced more leniently today.

Finally, while Carr's clean disciplinary record and participation in educational and professional programming in prison are commendable, his achievements in these arenas are not exceptional. These factors do not, either alone or in combination with the remaining factors he asserts, establish extraordinary and compelling reasons for a reduction in his sentence. Because I conclude that Carr has not met this statutory prerequisite for relief under § 3582(c)(1)(A), I need not consider whether the § 3553(a) factors otherwise support relief. *See Thacker*, 4 F.4th at 576.

III.

For the foregoing reasons, the motion for compassionate release is denied.

**ENTER ORDER:**

**Elaine E. Bucklo**
United States District Judge

Dated: October 22, 2021